# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KATAWN OMDU TAPP,** | CASE NO. 1: 17 CV 647 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **DANIEL DUNLAP,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

### Background

*Pro se* Plaintiff Katawn Omdu Tapp has filed *an informa pauperis* Prisoner Complaint pursuant to 42 U.S.C. § 1983 against Lake County Sheriff Daniel Dunlap, Chief Deputy Sheriff Frank Leon Bruno and Captain Cynthia Brooks, Administrator of the Lake County Adult Detention Facility (the Facility). (Doc. No. 1.) Although the Plaintiff does not allege any specific constitutional violation in his Complaint, he complains of a litany of conditions in the Facility, including mold in the showers, insects, dust and that corrections officers serve food without wearing hair nets or gloves. Additionally, he contends that medication should be distributed to inmates by certified registered nurses rather than corrections officers; that "[d]etainees should be allowed make one (1) free phone call upon being 'booked'"; that the

"offender population would like to access and utilize a Law Library that is up-to-date"; and that they "should be required One (1) mandatory hour of recreation day" and be provided clean blankets once a month. (*Id*. at 4.)

He seeks monetary damages for "having to live in an unsanitary environment" in the Facility, as well as injunctive relief. In July 2017, he notified the Court that he was transferred from the Facility and is now incarcerated in the Lorain Correctional Institution.

## Standard of Review

Although *pro se* pleadings liberally construed, *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011), Federal District Courts are expressly required, under 28 U.S.C. §1915A, to screen all actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

## Analysis

Upon review, the Court finds that the Plaintiff's Complaint must be dismissed pursuant to § 1915A.

To the extent the Plaintiff seeks declaratory or injunctive relief regarding conditions at

the Facility, such claims are now moot because he is no longer incarcerated there. *See Holson v. Good*, 579 F. App'x 363, 366 (6th Cir. 2014) (holding that a plaintiff's § 1983 claims against a parole officer seeking injunctive relief based on conditions at a halfway house were rendered moot when the plaintiff was moved out of the halfway house).

Further, the Plaintiff has failed to allege a plausible constitutional claim that could support a damages claim under § 1983. It is well established that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim" because routine "discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9. In other words, the Constitution is concerned only with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

None of the conditions of which the Plaintiff rises to the level of the kind of extreme deprivation required to make out a constitutional, conditions-of-confinement claim. Federal Courts have routinely found similar prison conditions insufficient to state a claim. *See, e.g., Shrader v. White*, 761 F.2d 975 (4th Cir.1985) (prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust,

mold, and mildew, and shower controls did not work were constitutionally insignificant); *Oliver v. Powell*, 250 F. Supp. 2d 593, 604 (E.D.Va. 2002) (prisoner's allegations that cell contained roaches, leaky toilets, peeling paint and writing on the wall did not state a claim under the Eighth Amendment); *Partak v. Behrle*, No. 09 CV 1256, 2011 WL 7629500, at *17 (N.D.N.Y. Sept. 12, 2011) ("the shower drain being clogged for three days is unpleasant, inconvenient, and even if plaintiff got athletes foot as a result, does not rise to the level of a denial . . . sufficient to violate the Eighth Amendment") (report & rec. adopted, *Partak v. Behrle*, No. 09 CV 1256, 2012 WL 1037950 (N.D.N.Y. Mar. 27, 2012)).

All of the conditions of which the Plaintiff complains and had to temporarily endure while housed in the Facility, though unpleasant, are part of penalty that criminal offenders pay for their offenses against society. *See Rhodes v. Chapman*, 452 U.S. 337.

The Plaintiff has also failed to allege a plausible constitutional claim to the extent he alleges a deprivation of access to "up-to-date" legal resources. In order to state a constitutional claim under the First Amendment for denial of access to the courts, a plaintiff must plead and demonstrate that his lack of access to legal materials actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). The Plaintiff makes no such allegations here.

## Conclusion

Accordingly, for the reasons stated above, the Plaintiff's Complaint fails to state a plausible claim and is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in

good faith.

**IT IS SO ORDERED.**

                                            <u>s/ Christopher A. Boykko</u>
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated:** August 11, 2017